IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONTINENTAL WARRANTY, INC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 13-1187-SLR |
| | ) |
| JENNIFER WARNER and JOSEPH VIVIANI, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

At Wilmington this 17th day of June, 2014, having considered plaintiff Continental Warranty, Inc.'s motion to remand (D.I. 3), as well as the papers submitted therewith; the court issues its decision based on the following reasoning:

1. **Background.** On or about April 26, 2013, plaintiff Continental Warranty, Inc. ("plaintiff"), a vehicle service contract provider, sent defendants Jennifer Warner ("Warner") and Joseph Viviani ("Viviani") (collectively, "defendants") cease and desist letters alleging violations of their respective non-compete, non-solicit, and confidentiality agreements. (D.I. 1, ex. A at 26, 37) In response, Warner and Viviani sought legal advice regarding the letters from William G. Blaney, Esq. and Ryan Leonard, Esq., respectively. (D.I. 4, Blaney Aff. ¶ 1; D.I. 4, Viviani Decl. ¶ 14) Viviani later sought additional legal advice from Larae Idleman, Esq. and Joseph Centeno, Esq. (D.I. 4 at ¶ 7) On May 30, 2013, after failing to agree on a settlement, plaintiff filed a verified

complaint and motion for expedited proceedings in the Delaware Court of Chancery and notified defandants' respective counsel. (D.I. 1, ex. C at 15; D.I. 4 at ¶ 10) Defendants allege that at this juncture they were not being represented by their respective counsel and that they did not retain their previous counsel for the present lawsuit. (D.I. 4 at ¶ 10) On June 4, 2013, defendants were formally served the verified complaint and motion for expedited proceedings. (D.I. 1, ex. B at 5, 9) Thereafter, on or about June 14, 2013, Ronald L. Daugherty, Esq. began representing defendants in the present lawsuit. (D.I. 4 at ¶ 19) After initially filing a motion to dismiss for lack of personal jurisdiction and engaging in further negotiations, on July, 3, 2013, counsel for defendants filed a notice of removal pursuant to 28 U.S.C. § 1446. (D.I. 4 at ¶ 24) Plaintiff timely filed the instant motion to remand claiming that the suit was untimely removed after the 30-day removal period. (D.I. 3) The notice of removal was filed 34 days after defendants' initial counsel was notified regarding the verified complaint and motion for expedited proceedings and 29 days after defendants were formally served.

2. **Standard**. The federal removal statue, 28 U.S.C. § 1441, is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. The party seeking removal bears the burden of proving that removal is proper. See Abels v. State Farm Fire & Cas. Co., 770 F.2d 26 (3d Cir. 1985); Carlyle Inv. Mgmt., LLC v. Carlyle Capital Corp. Ltd., 800 F.Supp 2d 639 (D. Del. 2011). The timeliness of removal is dictated by § 1446, which provides: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1).

2

3. **Discussion.** The 30-day removal period begins when the defendant is formally served. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-54 (1999). More specifically, proper service can fit into the following four categories, each of which has different implications for when the 30-day removal period begins:

> First, if the summons and complaint are served together, the 30–day period for removal runs at once. Second, if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint. Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons.

*Id.* at 354. Additionally, a writ of summons alone can no longer be the "initial pleading" that triggers the 30-day period for removal under 28 U.S.C. § 1446. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005).

4. Plaintiff argues that defendants' notice to remove was untimely filed under 28 U.S.C. § 1446(b) because it was not filed within 30 days after defendants' initial counsel received the email-forwarded, file-stamped copies of the verified complaint and motion for expedited proceedings. (D.I. 3 ¶ 26) Plaintiff bases its claim on the "receipt rule" which holds that the running of the 30-day period for removal is triggered by the mere receipt, rather than proper service, of the initial pleadings. (D.I. 3 at ¶ 27); *Benton v. Washington Radiology Assoc.*, 963 F.Supp. 500, 502-03 (D. Md. 1997). Plaintiff's contention that the "receipt rule" guides the 30-day removal period is improper. In *Murphy*, the Supreme Court specifically abrogated the "receipt rule" cases[1] upon which

---

[1] *Reece v. Wal–Mart Stores, Inc.*, 98 F.3d 839 (5th Cir. 1996), and *Roe v. O'Donohue*, 38 F.3d 298 (7th Cir. 1994).

3

plaintiff bases its contentions. *Murphy*, 526 U.S. 344 at 355. Further, like the faxed, file-stamped copy of the complaint in *Murphy*, which did not start the removal period, here the emailed, filed-stamped copies of the verified complaint and motion for expedited proceedings also do not start the removal period. *Id.* at 353-54. This email does not amount to proper service and would not fall into any of the aforementioned proper service categories. Therefore, the 30-day removal period did not begin until the defendants were properly served on June 4, 2013. Since the defendants ultimately filed their notice for removal on July 3, 2013, 29 days after formal service, the removal falls within the 30-day period and was timely filed. Accordingly, the court denies plaintiff's motion to remand.

5. **Conclusion.** Based on the foregoing, the court denies plaintiffs' motion to remand. (D.I. 3). An appropriate order shall issue.

_____
United States District Judge